UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY HURLEY,

               Plaintiff,

    v.

EMERALD QUEEN CASINO,

               Defendant.

CASE NO. 3:21-cv-05473-MJP

REPORT AND RECOMMENDATION

NOTED FOR: September 10, 2021

     Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19. Dkt. 1.

     The undersigned reviewed plaintiff's proposed complaint and IFP motion and, on July 6, 2021, entered an order to show cause. Dkt. 4. The Court explained that first, plaintiff's information about his finances was unclear and incomplete, so that the Court could not determine whether plaintiff qualified financially to proceed IFP. Dkt. 4, at 1–2. Second, plaintiff's proposed complaint included only his address and the defendant's name, so that the complaint submitted to this Court was essentially a blank copy of the Court's form. Dkt. 4, at 2. The Court declined to rule or issue a Report and Recommendation on the IFP application and instead directed plaintiff to file an amended IFP application and proposed complaint that corrected these

REPORT AND RECOMMENDATION - 1

1 deficiencies. Dkt. 4, at 2. The Court explained that "[f]ailure to comply with this show cause order will result in dismissal of this matter without prejudice for failure to comply with a Court order." Dkt. 4, at 2. Plaintiff had until August 6, 2021, to comply. Dkt. 4, at 2.

The time in which to comply with the show cause order has passed, and plaintiff has not responded. Although the show cause order was returned to the Court by the postal service in July 2021, plaintiff later updated his address, and the Clerk's Office provided plaintiff with a copy of the show cause order. Dkt. 6. Mail subsequently returned to the Court reflects the former, incorrect address. Dkt. 7. Mail sent to plaintiff at his corrected address has not been returned, and, as noted, the docket reflects that plaintiff has been given a copy of the show cause order. Yet, plaintiff has failed to timely take action. Therefore, this matter should be dismissed without prejudice for failure to comply with a Court order. All pending motions should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 10, 2021** as noted in the caption.

Dated this 19th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2